**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS**

| | | |
|---|---|---|
| ANDREW PERRONG, on behalf of himself and others similarly situated, | : | CIVIL ACTION FILE NO. |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | **COMPLAINT – CLASS ACTION** |
| | : | |
| FIVE STAR VENTILATION, INC. | : | |
| | : | **JURY TRIAL DEMANDED** |
| Defendant. | : | |
| | : | |

Plaintiff Andrew Perrong (hereinafter referred to as "Plaintiff"), individually and on behalf of all others similarly situated, alleges on personal knowledge, investigation of his counsel, and on information and belief, as follows:

## NATURE OF ACTION

1.      "If robocalls were a disease, they would be an epidemic." *Rage Against Robocalls*, Consumer Reports (July 28, 2015, 6:00 AM), ttps://www.consumerreports.org/cro/magazine/ 2015/07/rage-against-robocalls/index.htm. "Robocalls" are the number one consumer complaint in America today.

2.      Even as far back as 2012, the Pew Research Center reported 69 percent of cellular users who use text messaging receive unwanted text message spam, with 25 percent of them receiving it on a weekly basis.  Jan Lauren Boyles and Lee Rainie, *Mobile Phone Problems*, Pew Research Center (Aug. 2, 2012), http://www.pewinternet.org/2012/08/02/mobile-phone-problems.

3.      Robocalls, including automated calls have only increased since the 2012 study. "Robocalls and telemarketing calls are currently the number one source of consumer complaints at the FCC." Tom Wheeler, *Cutting off Robocalls* (July 22, 2016), https://www.fcc.gov/news-events/blog/2016/07/22/cutting-robocalls (statement of FCC Chairman).

4.      According to a respected robocall watch site, robocalls have increased by a whopping 494% in a four-year span: from 8.9 billion in the last three quarters of 2015 to 43 billion in the same nine months of 2019. See YouMail Robocall Index, Historical Robocalls by Time, available at https://robocallindex.com/history/time/ (accessed April 20, 2020).

5.      Of the 58.5 billion robocalls made in 2019, YouMail reports that over half of these calls—56%—were scam calls, spoofed calls, or telemarketing calls. *Id.*

6.      As the Supreme Court explained at the end of its term this year, "Americans passionately disagree about many things. But they are largely united in their disdain for robocalls. The Federal Government receives a staggering number of complaints about robocalls—3.7 million complaints in 2019 alone. The States likewise field a constant barrage of complaints. For nearly 30 years, the people's representatives in Congress have been fighting back. As relevant here, the Telephone Consumer Protection Act of 1991, known as the TCPA, generally prohibits robocalls to cell phones and home phones." *Barr v. Am. Ass'n of Political Consultants*, No. 19-631, 2020 U.S. LEXIS 3544, at *5 (July 6, 2020).

7.      This case involves a campaign by Five Star Ventilation, Inc. ("Five Star Ventilation") to market its services through the use of automated telemarketing calls in plain violation of the Telephone Consumer Protection Act, 47 U.S.C. § 227 *et seq*. (hereinafter referred to as the "TCPA").

8.      Moreover, Five Star Ventilation sent multiple calls to residential telephone numbers that are registered on the National Do Not Call List (hereafter "NDNC"), which is a separate and additional violation of the TCPA.

9.      Five Star Ventilation also did not have proper policies and procedures in place to ensure that they engaged in telemarketing that complied with federal law.

10.      The recipients of Five Star Ventilation's illegal calls, which include Plaintiff and the proposed classes, are entitled to damages under the TCPA.

## PARTIES

11.      Plaintiff Andrew Perrong is, and at all times mentioned herein was, an individual citizen of the Commonwealth of Pennsylvania.

12.      Defendant Five Star Ventilation, Inc. is a corporation that is registered to do business in this District and located at 1900 West Park Dr., Suite 280B in Westborough, MA 01581.

13.      Five Star Ventilation makes telemarketing calls and solicits sales into this District.

## JURISDICTION AND VENUE

14.      The Court has subject matter jurisdiction pursuant to the Class Action Fairness Act of 2005 ("hereinafter referred to as CAFA") codified as 28 U.S.C. 1332(d)(2).  The matter in controversy exceeds $5,000,000, in the aggregate, exclusive of interest and costs, as each member of the proposed Class of thousands is entitled to up to $1,500.00 in statutory damages for each call that has violated the TCPA.  Further, Plaintiff alleges a national class, which will result in at least one Class member from a different state.

3

15.     This Court also has federal question jurisdiction pursuant to 28 U.S.C. § 1331 and 47 U.S.C. § 227 *et seq*.

16.     This Court has specific personal jurisdiction over Five Star Ventilation because the company sent and created the automated calls at issue from this District.

17.     This Court also has jurisdiction over Five Star Ventilation because it is registered to do business in this District and holds a contractor license in this District.

18.     Venue is proper pursuant to 28 U.S.C. § 1391(b)(1) because Defendant is a resident of this District.

## TCPA BACKGROUND

Calls Made Using an "Automated Telephone Dialing System"

19.     The TCPA regulates, among other things, the use of a pre-recorded message or an automated telephone dialing system ("ATDS") to make calls or send automated calls.  *See* 47 U.S.C. § 227, *et seq*.; *In re Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991, Report and Order*, 18 FCC Rcd. 14014, 14115 ¶ 165 (2003).

20.     Specifically, the TCPA prohibits the use of an automated telephone dialing system to make any telemarketing call or send any telemarketing text message to a wireless number in the absence of an emergency or the prior express written consent of the called party. *See* 47 U.S.C.  § 227(b)(1)(A)(iii); 47 C.F.R. § 64.1200(a)(2); *In the Matter of Rules & Regulations Implementing the Tel. Consumer Prot. Act of 1991*, 27 F.C.C. Rcd. 1830, 1831 (F.C.C. 2012).

21.     The TCPA defines an "automatic telephone dialing system" as "equipment which has the capacity—(A) to store or produce telephone numbers to be called, using a random or

sequential number generator; and (B) to dial such numbers." § 227(a)(1)(A)-(B).  The first component of this definition is satisfied when a dialing system has the capacity to call "a given set of numbers" or when "dialing equipment is paired with . . . a database of numbers."  *In re Rules & Regulations Implementing the Telephone Consumer Protection Act of 1991*, 18 FCC Rcd. 14,014, ¶ 133 (2003); *see In the Matter of Rules & Regulations Implementing the Tel. Consumer Prot. Act of 1991*, 23 F.C.C. Rcd. 559, 566 (F.C.C. 2008) (rejecting argument that a dialing system "meets the definition of autodialer only when it randomly or sequentially generates telephone numbers, not when it dials numbers from customer telephone lists" and reasoning that "the teleservices industry had progressed to the point where dialing lists of numbers was far more cost effective"); *Marks v. Crunch San Diego, LLC*, 904 F.3d 1041, 1051 (9th Cir. 2018) (holding that "equipment that made automatic calls from lists of recipients was . . . covered by the TCPA").

22.     "[T]elemarketing means the initiation of a telephone call or message for the purpose of encouraging the purchase or rental of, or investment in, property, goods, or services, which is transmitted to any person."  47 C.F.R. § 64.1200(f)(12).

23.     "[P]rior express written consent means an agreement, in writing, bearing the signature of the person called that clearly authorizes the seller to deliver or cause to be delivered to the person called advertisements or telemarketing messages using an automatic telephone dialing system or an artificial or prerecorded voice, and the telephone number to which the signatory authorizes such advertisements or telemarketing messages to be delivered."  47 C.F.R. § 64.1200(f)(8).

<u>The National Do Not Call Registry</u>

24.     § 227(c) of the TCPA requires the FCC to "initiate a rulemaking proceeding concerning the need to protect residential telephone subscribers' privacy rights to avoid receiving telephone solicitations to which they object." 47 U.S.C. § 227(c)(1).

25.     In this rulemaking proceeding, the FCC was instructed to "compare and evaluate alternative methods and procedures (including the use of … company-specific 'do not call systems …)" and "develop proposed regulations to implement the methods and procedures that the Commission determines are most effective and efficient to accomplish purposes of this section." *Id.* at (c)(1)(A), (E).

26.     Pursuant to this statutory mandate, the FCC issued two regulations.

27.     First, the relevant regulation under § 227(c) established company-specific "do not call" rules. *In the Matter of Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991*, 7 FCC Rcd. 8752 (Oct. 16, 1992) ("TCPA Implementation Order").

28.     The FCC found that "the company-specific do-not-call list alternative is the most effective and efficient means to permit telephone subscribers to avoid unwanted telephone solicitations." *Id.* at 8765, ¶ 23.

29.     However, recognizing that an honor system would probably be insufficient, the FCC found that it "must mandate procedures for establishing company-specific do-not-call lists to ensure effective compliance with and enforcement of the requirements for protecting consumer privacy." *Id.* at ¶ 24.

30.     These procedures are codified at 47 CFR 64.1200(d)(1)-(7).

31.     Specifically, § 64.1200(d) requires a company to keep a written policy, available

upon demand, for maintaining a do-not-call list, train personnel engaged in telemarketing on the

existence and use of its internal do-not-call list, and record and honor "do not call" requests for

no less than five years from the time the request is made. 47 CFR § 64.1200(d)(1, 2, 3, 6).

32.     These policies and procedures prohibit a company from making telemarketing

calls unless they have implemented these policies and procedures. 47 CFR 64.1200(d).

33.     Accordingly, all telemarketing calls violate the TCPA unless a defendant can

demonstrate that it has implemented the required policies and procedures.

34.     Consent is irrelevant to § 64.1200(d).

35.     A violation of § 227(c) through 47 C.F.R. § 64.1200(d) carries statutory damages

of $500 to $1,500 per call.

36.     Though some of these requirements mention "residential" telephones, they were

all extended to cover calls to cellular telephones as well as residential telephones. 47 CFR §

64.1200(e).

37.     The National Do Not Call Registry allows consumers to register their telephone

numbers and thereby indicate their desire not to receive telephone solicitations at those numbers.

*See* 47 C.F.R. § 64.1200(c)(2).

38.     A listing on the Registry "must be honored indefinitely, or until the registration is

cancelled by the consumer or the telephone number is removed by the database administrator."

*Id*.

39.     The TCPA and implementing regulations prohibit the initiation of telephone

solicitations to residential telephone subscribers to the Registry and provides a private right of

action against any entity that makes those calls, or "on whose behalf" such calls are promoted. 47 U.S.C. § 227(c)(5); 47 C.F.R. § 64.1200(c)(2).

## FACTUAL ALLEGATIONS

40.     Defendant Five Star Ventilation is a "person" as the term is defined by 47 U.S.C. § 153(39).

41.     Plaintiff Perrong's telephone number, 215-322-XXXX, is registered on the National Do Not Call Registry and Pennsylvania Do Not Call Registry and had been for more than 31 days prior to the calls in this action.

42.     Plaintiff Perrong's telephone number, 215-322-XXXX, is used for personal purposes.

43.     Plaintiff Perrong's telephone number, 215-322-XXXX, is not associated with a business.

44.     Plaintiff Perrong's telephone number, 215-947-XXXX, is registered on the National Do Not Call Registry and Pennsylvania Do Not Call Registry and had been for more than 31 days prior to the calls in this action.

45.     Plaintiff Perrong's telephone number, 215-947-XXXX, is used for personal purposes.

46.     Plaintiff Perrong's telephone number, 215-947-XXXX, is not associated with a business.

47.     Plaintiff Perrong's telephone number, 215-947-XXXX is charged for each call.

48.     The Plaintiff Perrong received at least two telemarketing calls from the Defendant.

49.     The Defendant called 215-947-XXXX on July 16, 2020.

50.     The Defendant called 215-322-XXXX on July 15, 2020.

51.     The calls were general solicitation messages.

52.     The calls were sent using an automated dialing system.

53.     There was a distinctive click and delay at the beginning of each call before a live human came on the line.

54.     Furthermore, each call was made from a "spoofed" Caller ID, which requires a computer program to manipulate the calling data.

55.     As a result, the system that sent automated calls to Plaintiff Perrong qualifies as an ATDS pursuant to 47 U.S.C. 227(a)(1)(A).

56.     The communications received by Plaintiff demonstrate that the message was sent for the purpose of encouraging the purchase or rental of, or investment in, property, goods, or services as it seeks to have him sign up for their chimney cleaning service.  This message therefore qualified as telemarketing.  47 C.F.R. § 64.1200(f)(12).

57.     Prior to filing, Plaintiff Perrong attempted to clarify the systems used to contact him and ascertain why Defendant contacted his numbers. The office manager who answered stated that Plaintiff was called from a list, but rather than acknowledge the problem or investigate why Plaintiff was called, Plaintiff was verbally abused and hung up on.

58.     Plaintiff then sent Defendant an e-mail seeking clarification and requesting to be placed on Defendant's Do-Not-Call list and receive a copy of Defendant's Do-Not Call policy and received no response.

59.     Plaintiff Perrong did not provide his prior express written consent to receive the telemarketing calls at issue.

60.     The calls were not necessitated by an emergency.

61.     Plaintiff and all members of the Class, defined below, have been harmed by the acts of Defendant because their privacy has been violated, they were annoyed and harassed, and, in some instances, they were charged for incoming calls.  Plaintiff and the Class Members were also harmed by use of their telephone power and network bandwidth and the intrusion on their telephone that occupied it from receiving legitimate communications.

## CLASS ACTION ALLEGATIONS

62.     Plaintiff incorporates by reference all other paragraphs of this Complaint as if fully stated herein.

63.     Plaintiff brings this action on behalf of herself and the following classes (the "Classes") pursuant to Federal Rule of Civil Procedure 23.

64.     Plaintiff proposes the following Class definitions, subject to amendment as appropriate:

**Robodialing Class:** All persons in the United States who, (1) within four years prior to the commencement of this litigation until the class is certified, (2) were sent one or more calls, (3) on their cellular telephone or a number for which they are charged per the call (4) from or on behalf of Five Star Ventilation (5) sent via the same, or substantially similar, system used to contact the Plaintiff.

**Policy Class:** Plaintiff and all persons within the United States to whose telephone number: (1) Five Star Ventilation placed (or had placed on its behalf); (2) two or more telemarketing telephone calls; (3) in a 12-month period; (4) within four years prior to the commencement of this litigation until the class is certified.

**National Do Not Call Registry Class**: All persons in the United States (1) whose telephone numbers were on the National Do Not Call Registry for at least 31 days (2) but who received more than one telephone solicitation telemarketing call (3) from or on behalf of Five Star Ventilation (4) with a 12-month period, (5) from four years prior the filing of the Complaint.

65.     Plaintiff Perrong is a member of and will fairly and adequately represent and protect the interests of these Classes as he has no interests that conflict with any of the class members.

66.     Excluded from the Classes are counsel, the Defendant, and any entities in which the Defendant has a controlling interest, the Defendant's agents and employees, any judge to whom this action is assigned, and any member of such judge's staff and immediate family.

67.     Plaintiff and all members of the Classes have been harmed by the acts of the Defendant, including, but not limited to, the invasion of their privacy, annoyance, waste of time, the use of their telephone power and network bandwidth, and the intrusion on their telephone that occupied it from receiving legitimate communications.

68.     This Class Action Complaint seeks injunctive relief and money damages.

69.     The Classes as defined above are identifiable through the Defendant's dialer records, other phone records, and phone number databases.

70.     Plaintiff does not know the exact number of members in the Classes, but Plaintiff reasonably believes Class members number, at minimum, in the hundreds in each class.

71.     The joinder of all Class members is impracticable due to the size and relatively modest value of each individual claim.

72.     Additionally, the disposition of the claims in a class action will provide substantial benefit to the parties and the Court in avoiding a multiplicity of identical suits.

73.     There are well defined, nearly identical, questions of law and fact affecting all parties. The questions of law and fact, referred to above, involving the class claims predominate over questions which may affect individual Class members.

74.     There are numerous questions of law and fact common to Plaintiff and to the proposed Classes, including but not limited to the following:

> (a) whether Defendant utilized an automatic telephone dialing system to send its to the members of the Robocall Class;
>
> (b) Whether agents operating on behalf of Defendant utilized an automatic telephone dialing system in sending automated calls to members of the Robocall Class;
>
> (c) whether Defendant systematically made multiple telephone calls to members of the National Do Not Call Registry Class;
>
> (d) whether Defendant made calls to Plaintiff and members of the Classes without first obtaining prior express written consent to make the calls;
>
> (e) whether Defendant's conduct constitutes a violation of the TCPA; and
>
> (f) whether members of the Classes are entitled to treble damages based on the willfulness of Defendant's conduct.

75.     Further, Plaintiff will fairly and adequately represent and protect the interests of the Classes.  Plaintiff has no interests which are antagonistic to any member of the Classes.

76.     Plaintiff has retained counsel with substantial experience in prosecuting complex litigation and class actions, and especially TCPA class actions.  Plaintiff and his counsel are committed to vigorously prosecuting this action on behalf of the other members of the Classes, and have the financial resources to do so.

77.     Common questions of law and fact predominate over questions affecting only individual class members, and a class action is the superior method for fair and efficient

adjudication of the controversy.  The only individual question concerns identification of class members, which will be ascertainable from records maintained by Defendant and/or its agents.

78.     The likelihood that individual members of the Classes will prosecute separate actions is remote due to the time and expense necessary to prosecute an individual case.

79.     Plaintiff is not aware of any litigation concerning this controversy already commenced by others who meet the criteria for class membership described above.


**FIRST CAUSE OF ACTION**
**Statutory Violations of the Telephone Consumer Protection Act**
**(47 U.S.C. 227, et seq.) on behalf of the Robocall Class**

80.     Plaintiff incorporates by reference the foregoing allegations as if fully set forth herein.

81.     Five Star Ventilation violated the TCPA by sending, or causing to be sent via an agent, automated calls to the telephone of Plaintiff and members of the Robocall Class using an automated dialer without their prior express written consent.

82.     As a result of the Defendant's violations of 47 U.S.C. § 227 *et seq.*, Plaintiff and Robocall Class members are entitled to an award of $500 in statutory damages for each and every violation of the statute, pursuant to 47 U.S.C. § 227(b)(3)(B).

83.     The Plaintiff and Robocall Class Members are entitled to an award of treble damages if their actions are found to have been knowing or willful.

84.     Plaintiff and Robocall Class members are also entitled to and do seek injunctive relief prohibiting the Defendant from advertising their goods or services, except for emergency purposes, using an ATDS or pre-recorded voice in the future.

### SECOND CAUSE OF ACTION
**Violation of the Telephone Consumer Protection Act**
**(47 U.S.C. 227, et seq.)**
**on behalf of the National Do Not Call Registry Class**

85.     Plaintiff incorporates by reference the foregoing allegations as if fully set forth herein.

86.     Five Star Ventilation violated the TCPA and the Regulations by making, or having its agent make, two or more telemarketing automated calls within a 12-month period on Five Star Ventilation's behalf to Plaintiff and the members of the National Do Not Call Registry Class while those persons' phone numbers were registered on the National Do Not Call Registry.

87.     As a result of the Defendant's violations of 47 U.S.C. § 227 *et seq.*, Plaintiff and National Do Not Call Registry Class members are entitled to an award of up to $500 in statutory damages for each and every violation of the statute, pursuant to 47 U.S.C. § 227(b)(3)(B).

88.     Plaintiff and National Do Not Call Registry Class members are also entitled to and do seek injunctive relief prohibiting the Defendant from advertising their goods or services, except for emergency purposes, to any number on the National Do Not Call Registry in the future.

89.     The Defendant's violations were knowing or willful.

### THIRD CAUSE OF ACTION
**Violation of the Telephone Consumer Protection Act**
**(47 U.S.C. 227(c) and 47 C.F.R. §§ 64.1200(d))**
**on behalf of the Policy Class**

90.     Plaintiff incorporates by reference the foregoing allegations as if fully set forth herein.

91.     Plaintiff and the proposed Policy Class incorporate the foregoing allegations as if fully set forth herein.

14

92.     Defendant placed numerous calls for telemarketing purposes to Plaintiff's and Policy Class Members' telephone numbers.

93.     Defendant did so despite not having a written policy pertaining to "do not call" requests.

94.     Defendant did so despite not training its personnel on the existence or use of any internal "do not call" list or policy.

95.     Defendant placed two or more telephone calls to Plaintiff and Policy Class Members in a 12-month period.

96.     Plaintiff and Policy Class Members are entitled to an award of $500 in statutory damages telephone call in addition to and separate from any award for damages related to this conduct.

97.     Plaintiff and Policy Class Members are entitled to an award of treble damages in an amount up to $1,500 per telephone call if the Defendant's violations were knowing and/or willful.

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff, individually and on behalf of the Classes, prays for the following relief:

A.     Injunctive relief prohibiting Defendant from calling telephone numbers advertising their goods or services, except for emergency purposes, to any number on the National Do Not Call Registry or to any cellular telephone numbers or numbers for which the called party is charged for the call using a prerecorded voice in the future;

B.      As a result of the Defendant's violations of 47 U.S.C. § 227(b)(1), Plaintiff seeks for herself and each Robocall Class member up to treble damages, as provided by statute, of $1,500 for each and every violation of the TCPA;

C.      As a result of the Defendant's willful and/or knowing violations of 47 C.F.R. § 64.1200(d), Plaintiff seeks for herself and each member of the National Do Not Call Registry Class up to treble damages, as provided by statute, of up to $1,500 for each and every violation of the TCPA;

D.      An order certifying this action to be a proper class action pursuant to Federal Rule of Civil Procedure 23, establishing an appropriate Classes the Court deems appropriate, finding that Plaintiff is a proper representative of the Class, and appointing the lawyers and law firms representing Plaintiff as counsel for the Class;

E.      Such other relief as the Court deems just and proper.

## JURY DEMAND

Plaintiff requests a jury trial as to all claims of the complaint so triable.

Dated: July 28, 2020                    PLAINTIFF, on behalf of himself
                                         and others similarly situated,


                                         */s/ Anthony Paronich*_____
                                         Anthony Paronich
                                         Email:  anthony@paronichlaw.com
                                         PARONICH LAW, P.C.
                                         350 Lincoln Street, Suite 2400
                                         Hingham, MA 02043
                                         Telephone:  (617) 485-0018
                                         Facsimile:  (508) 318-8100

                                         *Attorney for Plaintiff*

16