UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| ANDREW PERRONG,<br>　　　　　　Plaintiff,<br><br>　　v.<br><br>FIVE STAR VENTILATION, INC., and<br>CURTIS PERRY,<br>　　　　　　Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | Civ. Act. No. 20-40095-TSH |

**DECISION ON MOTION FOR DEFAULT JUDGMENT**
August 31, 2021

**HILLMAN, D.J.,**

### Background

On July 28, 202, Andrew Perrong ("Perrong" or "Plaintiff") filed a complaint against Five Star Ventilation, Inc ("Five Star") alleging that Five Star engaged in a campaign to market its services using automated telemarking calls in violation of the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. §227 *et. seq.* Plaintiff further alleged that Five Star violated the TCPA by sending multiple calls to his and others residential telephone numbers that are registered on the Do Not Call List ("DNCL"). On August 6, 2020, Plaintiff filed proof of service on Five Star: Five Star's answer was due on August 26, 2020.  On September 16, 2020, Plaintiff filed an amended complaint, *as of right*, adding Curtis Perry ("Perry"), owner of Five Star as a party. Proof of service on Perry filed on October 1, 2020; Perry's answer was due on October 22, 2020. Neither Five Star nor Perry have  appeared in this action. On October 24, 2020, Perrong filed a

motion for entry of default against both Defendants. On November 4, 2020, that motion was granted in accordance with Fed.R.Civ.P. 55(a). For the reasons set forth below, the Court finds that due to Plaintiff's procedural violations, the amended complaint must be stricken and therefore, Plaintiff was not entitled to seek entry of default against the Defendants. Consequently, the Court finds that good cause exists for vacating the entry of default. Accordingly, the entry of default is vacated, without prejudice, and the motion for default judgment is denied.

## Discussion

### Improper Amendment of the Complaint; Vacation of the Entry of Default

As outlined above, Plaintiff filed an amended complaint naming Perry as a party on October 1, 2020. Under the Federal Rules of Civil Procedure, a plaintiff may file an amended complaint as a matter of course within 21 days after serving it, or 21 days after the earlier of the filing of a responsive pleading or service of a motion under Fed.R.Civ.P. 12(b), (e) or (f). Fed.R.Civ.P. 15(a)(1). In all other cases, the plaintiff may amend his pleading only with the opposing party's written consent or the court's leave (which will be freely given when justice so requires). *Id.*, at 15(a)(2). Moreover, pursuant to this Court's Local Rules, where the plaintiff seeks to amend his complaint to add a new party, he is required to file the motion to amend upon the proposed new party at least fourteen days in advance of filing the motion, together with a separate document stating the date on which the motion will be filed. LR, D.Mass. 15.1. The plaintiff is further required to certify in the motion to amend that he has complied with Rule. 15.1. *Id.*

In this case, Plaintiff filed his original complaint on July 28, 2020 and proof of service shows that Five Star was served on August 5, 2020—no responsive pleading was ever filed so

under Rule 15(a)(1)(A), he was entitled to amend his complaint once as of right before August 26, 2020. He did not file the amended complaint until September 16, 2020, and therefore, needed the written consent of Five Star or the leave of this Court. He had neither. Moreover, Plaintiff's failure to comply with this Court's rules do not amount to a technicality-- by improperly filing the amended complaint as of right, Plaintiff avoided having to comply with LR, 15.1's requirements.  Under the circumstances, Plaintiff's amended complaint is stricken. *See Nesbitt v. City of Methuen*, No. 17-cv-11255-DJC, 2018 WL 3130636 at *4 (amended complaint improperly filed without leave of court may be stricken *sua sponte*). Since the amended complaint is substantive pleading pursuant to which a default was entered and as to which Plaintiff  now seeks entry of default judgment, the Court finds good cause for vacating the entry of default.[1] *Merullo v. Greer*, Civil No. 11-cv-116-SM, 2011 WL 3585957, at *1 n. 1 (D. N.H. Jul. 25, 2011), *accepted and adopted*, 2011 WL 3607722 (Aug. 12, 2011) (Fed.R.Civ. P. 55(c) authorizes court to *sua sponte* set aside default for good cause); *cf. Auctus Fund LLC v. NuGene Int'l, Inc.*, Civ.Act.No. 20-cv-11336-ADB, 2021 WL 1069462 (D.Mass. Mar. 19, 2021)(where complaint fails to state a claim, court will sua sponte dismiss the complaint, vacate the entry of default, deny the motion for default judgment, and permit the plaintiff to file an amended complaint). Accordingly, Plaintiff's motion for default judgment is *denied*.

Going Forward

The operative pleading is Plaintiff's original complaint which names only Five Star as a defendant. Because Five Star has yet to appear in this action, Plaintiff can at any time choose to

---

[1] Vacating the default and requiring Plaintiff to comply with applicable federal rules of procedure "serves the interest of both the court and the parties. A default judgment entered [where there are obvious procedural defects on the docket] is likely to result in an appeal and reversal. The approach [taken in this case] makes better use of judicial and litigant resources." *Merullo*, 2011 WL 3585957, at *1 n. 1. I will also note that while the filing of the amended complaint was not compliant with this Court's rules, Plaintiff appears to have properly served Perry. However, before renewing his motion for entry of default against Five Star, Plaintiff may want to review whether service was properly made on Five Star and, in particular, whether the proper registered agent was served.

pursue a default and default judgment against Five Star. Should Plaintiff wish to pursue claims against Perry, he can either amend his complaint in accordance with this Court's rules of procedure or bring a separate action against him.

## Conclusion

It is hereby Ordered that:

The Amended Complaint (Docket No. 5) is stricken, the default (Docket No. 9) is vacated and Plaintiff's Motion For Default Judgment (Docket No.12) is *__denied__*.

/s/ *Timothy S. Hillman*
**TIMOTHY S. HILLMAN**
**UNITED STATES DISTRICT JUDGE**